MURRAY, J.,
concurs and assigns reasons.
hThe sole issue on appeal is whether the trial court erred by granting summary judgment on the basis that plaintiffs would not be able to prove at trial that the applicable standard of care was violated by the defendant appellees. I agree with the majority that the trial court’s ruling was correct. I emphasize that the law does not require a physician to exercise the highest degree of care possible. Rather, a physician’s duty is to exercise the degree of skill ordinarily employed by his professional peers under similar circumstances. Marks v. Jones, 29,881, p. 17 (La.App. 2 Cir. 12/10/97), 705 So.2d 262, 270 (citing Iseah v. E.A. Conway Memorial Hospital, 591 So.2d 767 (La.App. 2d Cir.1991). Compliance with this standard does not require absolute precision, but merely reasonableness under the existing circumstances, which should not be judged in hindsight or in light of subsequent events. Id. Therefore, in the instant case, Dr. Stopa’s testimony that it probably would have been better if the surgery had been performed two days earlier was insufficient to establish that the applicable standard of care required that the surgery be performed sooner.
In view of the majority’s conclusion that the plaintiffs will not be able to meet their burden of proving a breach in the standard of care, any consideration of | ¡whether doing the surgery earlier would have changed the outcome is misplaced. The effect of a change in the defendants’ conduct upon the outcome is relevant to the issue of causation once the defendants have been shown to be negligent, but it is not relevant to the determination of the standard of care.
Fpr these reasons, I respectfully concur in the decision of the majority.